**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHYLLIS LAWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24-cv-00567-SEP |
| | ) | |
| BAYLOR TRUCKING, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Phyllis Lawler's Motion to Remand.  Doc. [15].  The motion is fully briefed and ready for disposition.  *See* Docs. [16], [33].  For the reasons set forth below, the motion is denied.

**FACTS AND BACKGROUND**

Plaintiff originally filed this action against Defendants Baylor Trucking, Inc. (Baylor) and Marc Ramos in the Circuit Court of Phelps Count, Missouri.  Doc. [1] ¶ 1.  This action arises out of an October 12, 2022, motor vehicle accident in which Ramos was driving a semitruck for his employer, Baylor, and allegedly struck Plaintiff as she was walking in the parking lot of a Love's truck stop in Rolla, Missouri.  Doc. [8] at 2-3.  Plaintiff brings claims of negligence against Baylor (Count I), negligence against Ramos (Count II), and negligent hiring, training, supervising, and retaining against Baylor (Count III).  *Id.* at 5-10.  Plaintiff alleged that the accident caused "severe injuries to her left leg/knee and her low back/lumbar spine, as well as the muscles, ligaments, nerves, and disks attached thereto."  *Id.* at 4.  In the Petition, Plaintiff states that she seeks damages in excess of $25,000.  *Id.* at 6, 8, 11.

Baylor filed a timely notice of removal, invoking diversity jurisdiction.  Doc. [1].  Baylor asserts that the amount in controversy exceeds $75,000 due to Plaintiff's allegedly severe injuries and that Plaintiff is a citizen of Ohio, Baylor is a citizen of Indiana, and Ramos is a citizen of Florida.  *Id.* at 2.

Plaintiff moves to remand this case to state court, arguing that this Court lacks diversity jurisdiction.  Docs. [15], [16].  Plaintiff does not dispute Baylor's allegations concerning the citizenship of the parties, but she asserts that Baylor's allegations concerning the amount in controversy are speculative and unsupported by the removal papers.  Doc. [16] at 4-6.

Baylor opposes the motion to remand, arguing that the amount-in-controversy requirement has been met. Doc. [33]. Baylor states that the parties have engaged in limited discovery, and in response to Baylor's discovery requests, Plaintiff provided one medical bill showing an incomplete total of $40,926.21 and a second medical bill showing a total of $71,285.90, both of which are attached to Baylor's response in opposition to the motion to remand. *Id.* at 2; Doc. [33-1] at 2; Doc. [33-2] at 5. Because the sum of the two medical bills is $112,212.11, Baylor asks this Court to deny Plaintiff's motion. Doc. [33] at 2. Plaintiff has not filed a reply in support of her motion to remand.

### LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

### DISCUSSION

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A federal court's jurisdiction is measured at the time of filing or, in a removed case, at the time of removal. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Date Cherokee Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

2

"[I]f the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Bowen v. LM Gen. Ins. Co.*, 2019 WL 2372665, at *2 (E.D. Mo. June 5, 2019) (citing *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635-36 (8th Cir. 2017)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Waters*, 873 F.3d at 636 (first citing *Dart Cherokee*, 574 U.S. at 88; and then citing *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009)).

"Once the removing party carries its burden, 'remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.'" *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (citing *Bell*, 557 F.3d at 956). "To meet this 'legal certainty' standard, the plaintiff must show that the jurisdictional amount could not be recovered 'as a matter of law' or that 'no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents.'" *Id.* (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

The Court finds by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied because the sum of Plaintiff's medical bills exceeds $75,000. *See Waters*, 873 F.3d at 636. Because Plaintiff has not shown to a legal certainty that she could not recover in excess of $75,000, the Court must deny Plaintiff's motion to remand. *See Turntine*, 959 F.3d at 881.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [15], is **DENIED.**

Dated this 31ˢᵗ day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE