UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS LAWLER, | ) |
|       Plaintiff, | ) ) |
| v. | )   No. 4:24-cv-00567-SEP |
| BAYLOR TRUCKING, INC., *et al.*, | ) ) ) |
|       Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Baylor Trucking, Inc.'s Motion to Dismiss Count III and Strike Claims of Punitive Damages. Doc. [13]. The motion is fully briefed and ready for disposition. *See* Docs. [14], [17], [37]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

Plaintiff originally filed this action against Defendants Baylor Trucking, Inc. (Baylor) and Marc Ramos in the Circuit Court of Phelps County, Missouri. Doc. [1] ¶ 1. This action arises out of an October 12, 2022 motor vehicle accident in which Ramos was driving a semi-truck for his employer, Baylor, and allegedly struck Plaintiff as she was walking in the parking lot of a Love's truck stop in Rolla, Missouri. Doc. [8] at 2-3. Plaintiff brings claims of negligence against Baylor (Count I), negligence against Ramos (Count II), and negligent hiring, training, supervising, and retaining against Baylor (Count III). *Id.* at 5-10. In April 2024, Baylor timely removed the case to federal court. Doc. [1].

Baylor moves to dismiss Count III and strike Plaintiff's requests for punitive damages. Doc. [13]. Relying principally on *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. banc 1995), Baylor argues that Count III should be dismissed because, under Missouri law, once an employer has admitted respondeat superior liability, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability. Doc. [14] at 3-4. Baylor argues that Plaintiff's requests for punitive damages in paragraphs 43 and 47 of the Petition should be stricken because Plaintiff has not complied with the requirements of Mo. Rev. Stat. § 510.261(5). *Id.* at 4-9; Mo. Rev. Stat. § 510.261(5) ("No initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court.").

Plaintiff opposes the motion to dismiss and strike, noting that the Petition does not contain a request for punitive damages and asserting that Baylor's *McHaffie* argument is both incorrect and procedurally premature.  Doc. [17].  Even if the Court construes Count III as containing a request for punitive damages, Plaintiff contends that *McHaffie* allows for exceptions, including when a plaintiff is seeking punitive damages and when direct liability theories can stand on their own without proof of an employee's negligence.  *Id.* at 6.  Plaintiff also argues that Missouri law and federal law are clear that a plaintiff may plead two alternative theories of relief through discovery and that *McHaffie* merely stands for the proposition that a plaintiff must choose between conflicting legal theories when the matter is submitted to a jury.  *Id.* at 6-10.  Thus, Plaintiff argues, Baylor's *McHaffie* argument is premature at this early stage of the litigation.  *Id.*

In its reply, Baylor concedes that its request to strike Plaintiff's claims for punitive damages is misplaced because the Petition does not contain a request for punitive damages.  Doc. [37] at 1.  Baylor argues, however, that because Plaintiff is not seeking punitive damages, Count III does not fall under one of the exceptions to the holding in *McHaffie* that once an employer has admitted respondeat superior liability, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability.  *Id.* at 2-3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief may be granted.  When considering a Rule 12(b)(6) motion, a court assumes a plaintiff's well-pled factual allegations to be true and makes all reasonable inferences in the plaintiff's favor.  *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).  But a court does not accept as true legal conclusions or "threadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific" task requiring the court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 682.

## DISCUSSION

Because this Court's jurisdiction is based on diversity of citizenship, state law governs the substantive issues in this case. *See, e.g.*, *Am. Home Assur. Co. v. Pope*, 591 F.3d 992, 998-99 (8th Cir. 2010) ("In a diversity action, such as this, we use state substantive law to govern our analysis." (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938))). In interpreting state law, a federal court is "bound by the decisions of the state's highest court." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (quoting *Eichenwald v. Small*, 321 F.3d 733, 736 (8th Cir. 2003)). "When a state's highest court has not decided an issue, it is up to [the] court to predict how the state's highest court would resolve that issue.'" *Id.* (quoting *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006)). In making that determination, the decisions of intermediate state appellate courts are persuasive authority. *Id.* (citing *Cont'l Cas. Co.*, 462 F.3d at 1007).

Baylor focuses on the following holding from *McHaffie*: "[O]nce an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *McHaffie*, 891 S.W.2d at 826 (collecting cases). Based on that holding, Baylor contends that Plaintiff is not permitted to allege in her Petition that Baylor is liable under both the theory of respondeat superior and the theory of negligent hiring, supervision, and retention. The Court disagrees.

In *McHaffie*, the Missouri Supreme Court held that "once the agency relationship was admitted, it was error to permit a separate assessment of fault . . . based upon the 'negligent entrustment' or 'negligent hiring' theories of liability. It was also error to *admit evidence* on those theories." *McHaffie*, 891 S.W.2d at 827 (emphasis added). The Missouri Supreme Court

3

subsequently explained that "[t]he reasoning of *McHaffie* prohibits a plaintiff from *going to the jury* on multiple alternative theories of imputed liability." *Coomer v. Kansas City Royals Baseball Corp.*, 437 S.W.3d 184, 206 (Mo. banc 2014) (emphasis added). "Once *the jury* is told that a particular defendant is liable for the negligent actions of someone else, no purpose is served by *explaining to the jury* alternative ways to reach the same result." *Id.* (emphasis added). Thus, Baylor's reliance on *McHaffie* at this early stage of litigation is misplaced because "the holding in *McHaffie* concerns the assessment of fault and submission of evidence at trial and does not prevent Plaintiff from pleading alternative theories of recovery under respondeat superior and negligent hiring, training, and supervision." *Ershen v. Keep Running Trucking Corp.*, 2019 WL 13198752, at *1 (E.D. Mo. May 31, 2019) (citing *Kwiatkowski v. Teton Transp., Inc.*, 2012 WL 1413154, at *2 (W.D. Mo. April 23, 2012)); *Branson v. FAF, Inc.*, 2018 WL 690988, at *2 (E.D. Mo. Feb. 2, 2018) (same); *Sargent v. Justin Time Transp., L.L.C.*, 2009 WL 4559222, at *2 (E.D. Mo. Nov. 30, 2009) ("*McHaffie* is not dispositive. At this point in the litigation, . . . Plaintiff is merely pleading two alternative theories of relief."). Consistent with many other courts, this Court finds that *McHaffie* does not require dismissal of Plaintiff's claim of negligent hiring, training, supervising, and retaining. Thus, Baylor's motion to dismiss Count III will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Baylor Trucking, Inc.'s Motion to Dismiss Count III and Strike Claims of Punitive Damages, Doc. [13], is **DENIED.**

Dated this 31st day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4